**Affirm and Opinion Filed May 16, 2023**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-22-00676-CV

**LOUIS ROSALES, SR., Appellant**

**V.**

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,**
**Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-06737**

## OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Miskel

Louis Rosales, Sr. appeals a summary judgment that disposed of all his claims,

including his claim for attorney's fees under the Texas Prompt Payment of Claims

Act (TPPCA).[1]  Rosales's main argument in favor of attorney's fees concerns the

recent opinion *Barbara Technologies Corp. v. State Farm Lloyds*, 589 S.W.3d 806

---

[1]Courts sometimes refer to this statute in plain language as the "Prompt Payment Act."  *See, e.g.*, *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019); *Tex. Fair Plan Ass'n v. Ahmed*, 654 S.W.3d 488 (Tex. App.—Houston [14th Dist.] 2022, no pet.).  In this opinion, we use the acronym the Texas Supreme Court used in *Barbara Technologies Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019).

(Tex. 2019). According to Rosales, *Barbara Technologies* forecloses the reasoning that Allstate Insurance Company relied on in its summary judgment motion: that its preemptive payment of TPPCA damages blocked his claim for attorney's fees.

But unlike *Barbara Technologies*, this case is governed by Chapter 542A of the Insurance Code. That chapter provides a distinctive damage formula that precludes any award of attorney's fees in cases like this one, where the defendant has paid the full amount that could be awarded under the policy. We therefore affirm the summary denial of Rosales's claim for attorney's fees, which is the only aspect of the summary judgment that Rosales has challenged on appeal.

## I. BACKGROUND

On October 28, 2020, a hailstorm hit Mesquite, Texas, where Rosales owned property. A few days later, Rosales filed an insurance claim with Allstate for damage to his property. On November 5, 2020, Allstate's adjuster determined that the covered damage amounted to only $474.07. Because this amount was less than Rosales's deductible, Allstate denied payment on the claim.

On November 13, 2020, Rosales's contractor provided Allstate with an estimate to replace the entire roof of Rosales's property as well as photographs of the damage. On November 25, 2020, another Allstate adjuster reviewed the photographs and revised the damage estimate upward to $862.83. This amount was still less than Rosales's deductible, so Allstate paid Rosales nothing.

–2–

Rosales filed suit on May 27, 2021, alleging breach of contract, bad-faith violations, and breach of the TPPCA. On October 8, 2021, Rosales invoked the appraisal clause in his policy. The case was abated pending the outcome of the appraisal.

The appraisers found the actual cash value of the loss was $14,869.68. Allstate received the appraisal award on January 7, 2022, and on January 10, 2022, Allstate issued payment for $11,751.68—the full actual cash value minus Rosales's deductible. At the same time, Allstate also issued a check for $1,408, which, in Allstate's words, was intended "to cover any additional interest you could possibly allege to be owed" under the TPPCA. Rosales has not disputed that the amount of the interest payment is sufficient under the statute.

In March, Allstate filed a hybrid motion for summary judgment. Allstate moved for—and ultimately obtained—a traditional summary judgment on Rosales's contract and bad-faith claims, and Rosales does not challenge those rulings on appeal.

With regard to Rosales's TPPCA claim, Allstate argued on traditional grounds that because it paid all that could be owed on the claim (i.e., the full appraisal award plus any possible TPPCA interest), Rosales was not entitled to any money judgment on this claim. Allstate further reasoned that because Rosales was not entitled to a money judgment, this cut off Rosales's right to recover attorney's fees under Chapter 542A, which makes the amount of attorney's fees dependent on the amount of the

money judgment.  Allstate also moved for no-evidence summary judgment on Rosales's TPPCA claim, arguing that Rosales had produced no proof that Allstate violated any TPPCA deadline or was liable on the claim.

The trial court granted a final summary judgment in Allstate's favor without stating the grounds on which its ruling was based.  Rosales appeals with respect to only his TPPCA claim.

## II.    DISCUSSION

In his first and second issues, Rosales contends that the trial court erred to the extent that it granted traditional summary judgment on his TPPCA claim.  He makes essentially the same argument in both issues: that Allstate's "gratuitous" payment of what it characterized as any interest that could be owed under the TPPCA did not establish Allstate's right to summary judgment on his claim for attorney's fees. According to Rosales, several authorities—including *Barbara Technologies* and multiple federal decisions interpreting Chapter 542A—dictate that Allstate cannot prevail.

In his third issue, Rosales challenges the summary judgment to the extent that it was granted on no-evidence grounds.  Because Rosales's first and second issues are dispositive, we do not consider his third issue.

## A.    Summary Judgment Standard

We review a grant of summary judgment de novo.  *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019).  If no grounds are specified for the ruling, we must

affirm if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

In a traditional motion, the movant has the burden to show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A defendant is entitled to summary judgment if it conclusively negates at least one element of the plaintiff's claim, *id.*, or if it conclusively proves all elements of an affirmative defense, *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

When a party files a hybrid motion for summary judgment, we generally first review the summary judgment under the no-evidence standard of review. *Rico v. L-3 Commc'ns Corp.*, 420 S.W.3d 431, 438–39 (Tex. App.—Dallas 2014, no pet.). However, if the court is required to affirm the trial court's ruling on traditional grounds, then we need only address those grounds. *Gibson v. Stonebriar Mall, LLC*, No. 05-17-01242-CV, 2019 WL 494068, at *5 (Tex. App.—Dallas Feb. 8, 2019, no pet.) (mem. op.).

## B.     Applicable Law: The TPPCA and Chapter 542A's New Limits

The TPPCA imposes several requirements on insurers, one of which is that if the insurer delays payment of a claim for more than the applicable statutory period

or sixty days, the insurer shall pay TPPCA damages. *Barbara Techs.*, 589 S.W.3d at 812–13 (citing, *inter alia*, TEX. INS. CODE. § 542.058(a)). Those damages include statutory interest on the claim along with reasonable and necessary attorney's fees. TEX. INS. CODE § 542.060(a).

On September 1, 2017, significant changes to the Texas Insurance Code took effect that were aimed at limiting TPPCA damages and attorney's fees in cases of natural disaster. *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:21-CV-00100-SDJ-CAN, 2022 WL 17501024, at *5 (E.D. Tex. Dec. 6, 2022) (quoting *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2021 WL 4311114, at *9 (S.D. Tex. Sept. 21, 2021)). "Codified as Chapter 542A, the recent amendments apply to any first-party claim 'made by an insured under an insurance policy providing coverage for real property' that 'arises from damage to or loss of covered property caused' by hail, wind, or a rainstorm." *Id.* (quoting TEX. INS. CODE § 542A.001(2)).

Chapter 542A limits a policyholder's ability to recover attorney's fees and statutory interest in connection with delayed payments. *Id.* "Previously, Chapter 542 fixed the statutory interest penalty at 18% annually; under Chapter 542A, an insurer liable for violation of Chapter 542 owes statutory interest at a rate equal to 5% plus the amount of the current interest rate as defined by the Texas Finance Code . . . ." *Id.* (citing TEX. INS. CODE § 542.060(a), (c)). Chapter 542A limits the available attorney's fees by applying the following formula:

(a) Except as otherwise provided by this section, the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is *the lesser of*:

(1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;

(2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or

(3) the amount calculated by:

(A) *dividing*     *the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property*

by     *the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter*;
and

(B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

TEX. INS. CODE § 542A.007(a) (emphasis and formatting added). In other words, if the amount to be awarded in the judgment is less than the amount the insured demanded before filing suit, the insured's attorney's fees will be reduced. *See* TEX. INS. CODE §§ 542A.003, .007.

**C.**     **In this Case, the Insurer's Preemptive Payment of the Appraisal Award Eliminated the Insured's Ability to Collect Statutory Attorney's Fees**

Rosales concedes that Chapter 542A applies to his property insurance claim because it arose from damage caused by a hailstorm. Also, he does not dispute Allstate's assertion that it has already paid him the full amount of the appraisal award

and an amount sufficient to cover any interest that he could be owed under the TPPCA. Rather, he disputes whether this preemptive payment of all potential damages under the TPPCA bars him from recovering attorney's fees under section 542A.007. He asserts that the Texas Supreme Court's opinion in *Barbara Technologies* precludes such an outcome.

### 1. Texas Supreme Court and *Barbara Technologies*

In *Barbara Technologies*, the issue was whether an insured's claim for prompt pay damages under the TPPCA survives the insurer's payment in full of the amount of loss determined by an appraisal process. 589 S.W.3d at 810–11. The court reasoned that the essential ingredients for a TPPCA claim were "that the requisite time has passed and the insurer was ultimately found liable for the claim," *id.* at 813, but that an insurer's payment of an appraisal award was "neither an acknowledgment of liability under the policy nor an award of actual damages." *Id.* at 809. The court saw "no way under the language of the TPPCA" that an insurer could be liable on a claim absent (1) a voluntary acceptance of full or partial liability on the claim or (2) an adjudication of liability—and it held that payment of an appraisal award qualified as neither. *Id.* at 819. The court overruled several intermediate court cases which had held that payment of an appraisal award eliminated a policyholder's ability to collect TPPCA damages: it disapproved these opinions to the extent they "could be read to excuse an insurer liable under the policy from having to pay TPPCA damages merely because it tendered payment based on an appraisal award, or to foreclose any

–8–

further proceedings to determine the insurer's liability under the policy." *Id.* "Nothing in the TPPCA would excuse an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline, regardless of use of the appraisal process." *Id.*

## 2.    Chapter 542A's New Formula for Attorney's Fees

We agree with Rosales that one holding of *Barbara Technologies* is that the payment of an appraisal award alone does not preclude a claim for TPPCA interest and attorney's fees. But Rosales asks us to extend this holding one step further: that the payment of an appraisal award *and* any possible TPPCA interest does not preclude a claim for attorney's fees. However, as Allstate points out, *Barbara Technologies* was not decided under Chapter 542A, and the case is thus wholly distinguishable.

Where Chapter 542A applies, if an insurer is not in compliance with the TPPCA, the insurer is liable to pay the insured (1) the amount of the claim, (2) interest, and (3) reasonable and necessary attorney fees.[2]   TEX. INS. CODE § 542.060(c). Each of these is determined as follows:

(1)    For parties who have invoked the appraisal process, the appraisal award is binding as to the amount of the claim. *See Barbara Techs*., 589 S.W.3d at 823 n.14, 827.

---

[2]Under Texas law, attorney's fees, although compensatory, are not "damages." *Ortiz*, 589 S.W.3d at 135.

(2) Section 542.060(c) determines the amount of interest that will be awarded as statutory damages.

(3) Section 542A.007 provides that the award of reasonable and necessary attorney's fees can be reduced according to a specific statutory formula, which involves the amount to be awarded in the judgment for a claim under the policy for damage to or loss of covered property.

In this case, Allstate has already paid the appraisal award, which is binding as to the maximum amount of the damage to or loss of Rosales's property. Therefore, there remains no "amount *to be* awarded in the judgment" to Rosales for his "claim under the insurance policy for damage to or loss of covered property" in the attorney's fees formula in 542A.007(a)(3)(A). Because the amount *to be* awarded in a TPPCA judgment for a covered loss is presently zero dollars, and because the amount of attorney's fees is a multiple of that amount, Chapter 542A's formula must result in an award of zero attorney's fees.[3]

The existence of statutory damages for interest does not affect Chapter 542A's calculation of attorney's fees. In interpreting statutes, we must look to the plain language. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). If the statute's plain language is unambiguous, we interpret its plain meaning, presuming

---

[3]The formula's denominator is the amount demanded in a notice from the plaintiff before suit. Although the clerk's record indicates that a presuit notice was sent, the amount alleged to be owed was not a part of our record. Nevertheless, because the numerator is zero, it is not necessary to our analysis to calculate the denominator.

that the Legislature intended for each of the statute's words to have a purpose and that the Legislature purposefully omitted words it did not include. *Id.* Under a plain reading of section 542A.007(a)(3)(A), the interest defined as statutory damages by section 542.060(c) is not an amount to be awarded for a "claim *under the insurance policy* for damage to or loss of covered property." Interest is an amount to be awarded as damages under the TPPCA, but it is not an amount to be awarded under the insurance policy, so interest is not a part of section 542A.007's formula for attorney's fees.

Ultimately, Allstate has paid (1) the amount of the claim as determined by the binding appraisal, (2) the maximum amount of interest owed as statutory damages under 542.060(c), and (3) reasonable and necessary attorney's fees of zero as calculated by 542A's formula. Rosales could not recover any more damages, interest, or attorney's fees on his TPPCA claim. Pursuant to Chapters 542 and 542A, we agree that Allstate has satisfied all of its TPPCA liability and is entitled to summary judgment.

## 3. A Majority of Federal Courts Support this Conclusion

A majority of federal courts have held that the formula prescribed by section 542A.007 precludes any award of attorney's fees—and an insurer is entitled to summary judgment on a TPPCA claim—when it preemptively pays both the appraisal award and any possible interest:

- *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:21-CV-100-SDJ, 2023 WL 2712481, at *5 (E.D. Tex. Mar. 30, 2023) ("The plain

–11–

language of Section 542A.007(a) makes clear that payment of the appraisal award extinguishes a plaintiff's right to attorney's fees under the TPPCA.");

- *Arnold v. State Farm Lloyds*, No. CV H-22-3044, 2023 WL 2457523, at *5 (S.D. Tex. Mar. 10, 2023) ("[T]he numerator for the calculation provided in subsection (a)(3)(A) is 0. Any division of 0 is 0, which is less than .2, meaning that there are no attorney's fees to award.");

- *Kahlig Enters., Inc. v. Affiliated FM Ins. Co.*, No. SA-20-CV-01091-XR, 2023 WL 1141876, at *8 (W.D. Tex. Jan. 30, 2023) ("An insurer that violates the TPPCA may still be entitled to summary judgment if it paid the insured the full amount of interest that the insured could claim under the TPPCA.");

- *Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-CV-00102, 2022 WL 17828980, at *10 (S.D. Tex. Nov. 14, 2022) ("Thus, the amount to be awarded to Royal in a judgment on its TPPCA claim is zero dollars, which would result in an award of no attorney's fees under § 542A.007(a)(3).");

- *Rodriguez v. Safeco Ins. Co. of Ind.*, No. 5:20-CV-168-C, 2022 WL 6657888, *1 (N.D. Tex. Oct. 3, 2022) (holding that the insurer's payment of appraisal award plus interest entitles it to summary judgment on a TPPCA claim and absolves the insurer from paying attorney's fees that would be due under the Act);

- *Atkinson v. Meridian Sec. Ins. Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at *8 (W.D. Tex. Aug. 24, 2022) ("[T]he amount to be awarded in a judgment on Atkinson's TPPCA claim is zero dollars, resulting in an award of no attorney's fees.");

- *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-cv-00066, 2021 WL 4311114, at *10 (S.D. Tex. Sept. 21, 2021) (stating more generally that, because the insured is not entitled to recover damages under the TPPCA as a matter of law, he is not entitled to an award of attorney fees);

- *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, No. H-19-3992, 2020 WL 6123131, at *6 (S.D. Tex. Aug. 20, 2020) ("[T]he amount to be awarded to Trujillo in a judgment on her TPPCA claim is zero dollars, which results in an award of no attorney's fees under § 542A.007(a)(3).");

- *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, 474 F. Supp. 3d 869, 876 (S.D. Tex. 2020) (granting summary judgment on the TPPCA claim due to payment of appraisal amount and interest, without expressly addressing attorney fees);

- *Pearson v. Allstate Fire & Cas. Ins. Co.*, No. 19-CV-693-BK, 2020 WL 264107, at *4 (N.D. Tex. Jan. 17, 2020) (holding the insurer's payment of appraisal award and all possible interest "results in the lowest fee award possible—zero dollars—because there is no money judgment in Plaintiff's favor").

## D.    Review of Contrasting Authorities

Courts are not unanimous on this issue. Several federal courts have instead held that payment of the appraisal award and statutory interest will not defeat a claim for attorney's fees. *See Ahmad v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-4411, 2021 WL 2211799, at *4 (S.D. Tex. June 1, 2021); *Martinez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-2975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020); *Gonzalez v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6 (W.D. Tex. Dec. 2, 2019). The only Texas opinion discussing this issue held that an insurer who paid the appraisal award and statutory interest was not entitled to summary judgment on a TPPCA claim. *Tex. Fair Plan Ass'n v. Ahmed*, 654 S.W.3d 488, 493–94 (Tex. App.—Houston [14th Dist.] 2022, no pet.). However, that case was not decided under the new Chapter 542A, so it is distinguishable and does not answer the question presented here.

These courts have stated various rationales for their holdings, which have generally revolved around (1) the view that prepaying damages in this fashion is an impermissible attempt to unilaterally settle the case, *see, e.g.*, *Ahmad*, 2021 WL

–13–

2211799, at *4, and (2) the perceived unfairness of allowing a party to zero out one variable of the damage equation by eliminating, through a strategic concession, another variable on which it depends and, in so doing, preventing the party pursuing attorney's fees from being made whole, *see*, *e.g.*, *Martinez*, 2020 WL 6887753, at *2 n.1. We respond as follows.

**1. Prepaying Damages Does Not Constitute an Involuntary, Unilateral Settlement**

We disagree with the first rationale. There is nothing about paying all possible liquidated damages before judgment that creates a settlement. *See Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-CV-102, 2022 WL 17828980, at *9 (S.D. Tex. Nov. 14, 2022). A "settlement" is an agreement ending a dispute or lawsuit, *Settlement*, BLACK'S LAW DICTIONARY (11th ed. 2019), and neither party here has argued that Allstate somehow forced Rosales to agree to terminate his TPPCA claim. Instead, the prepayment is a tactical attempt to offset the eventual judgment obligation—as has been recognized by three of the four cases upon which Rosales relies. *See Ahmad*, 2021 WL 2211799, at *5 n.22; *Martinez*, 2020 WL 6887753, at *2; *Ahmed*, 654 S.W.3d at 494. Allstate's prepayment of all possible damages does not create an involuntary, unilateral settlement of claims, but rather it is an effort to extinguish the underlying obligation.

**2.    Texas Law Allows Prepayment of Damages to Offset a Statute's Formula-Based Calculation of Penalties**

Which brings us to these courts' second rationale: distaste for the apparent gamesmanship of allowing one party to affect the other's recovery by preemptively paying a part of the judgment.  To be sure, this is not the first time that courts have rejected what they perceived as unfairness of this kind.  The most prominent example of a case in this vein—in which a court rebuffed a party's attempt to use the payment of damages to avoid a statutory penalty based on a multiple of the damages—comes from the United States Supreme Court.  *See U.S. v. Bornstein*, 423 U.S. 303, 314–17 (1976).

However, we interpret this Texas statute under Texas law, and when faced with a highly similar set of arguments to *Bornstein*, the Texas Supreme Court instead resolved those arguments in favor of the defendant's position: that its prepayment of damages should allow it to avoid a statutory liability that depended on judgment damages.  *See JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 485–90 (Tex. 2019).   In that case, unpaid sales commissions were subject to an additional recovery—treble damages.  *Id.* at 484.  While the case was pending, the defendant paid all the remaining unpaid commissions plus interest, then moved for summary judgment in an effort to avoid the treble damages.  *Id.* at 483.  The Texas Supreme Court allowed this strategic maneuver, stating,

> As a general matter, it almost goes without saying that damages typically are calculated by the factfinder based on what is required to compensate the plaintiff at the time

> of verdict or judgment . . . . The question for the factfinder is how much the defendant owes the plaintiff today. The question is typically not how much the defendant owed the plaintiff at some date in the past. Nor is it how much the defendant would have owed the plaintiff if the defendant had not already paid. The usual question for the factfinder is how much the defendant owes the plaintiff at the time the factfinder assesses liability.

*Id*. at 486 (cleaned up). The court further reasoned that the default rule in the relevant context of contract law was to permit mitigation of damages; the predicate damages thus should not be "locked in and trebled at the time of breach, [with] nothing either party can do to mitigate or reduce the damages." *Id.* at 487. Contract law requires mitigation of damages before trial and encourages defendants to pay what is owed to avoid litigation. *Id*. "From the perspective of contract law," when damages have been fully mitigated, the plaintiff "has been made whole and has nothing else to litigate, besides perhaps attorney's fees and interest." *Id.* The plaintiff suggested that the statutory claim was "more akin to a strict liability tort with statutorily defined damages that punish [a] breach," but the court noted that, even in tort cases, plaintiffs have an obligation to mitigate damages before trial, and defendants have the ability to reduce their liability by paying the claimed damages before trial. *Id*. The plaintiff also protested that such a construction of the statute would "deprive" the statute "of any real effect," but the *JCB* court disagreed: "[the statute] is by no means useless under our construction. If the defendant fails to pay all or part of the commissions prior to a judicial determination of the 'unpaid commission due,' he must pay treble damages." *Id.* at 488. "The threat of such

punitive judgments provides added encouragement for principals to pay their sales representative the disputed commission." *Id.* at 488–89.

Here, the Texas Supreme Court's reasoning in a recent case controls this issue of state law rather than *Bornstein*, a federal precedent that is nearly fifty years old, and that deals with a federal statute which the Texas Supreme Court has previously deemed "not probative" when construing other areas of Texas law. *See In re Xerox Corp.*, 555 S.W.3d 518, 535 (Tex. 2018) (orig. proceeding). Textually, the calculation of attorney's fees depends on "the amount to be awarded in the judgment," TEX. INS. CODE § 542A.007(a)(3)(A), and the amount of the judgment is calculated at the time of judgment, *JCB*, 597 S.W.3d at 486.

Like *JCB*, this case arises from the context of contract law because "[a]n insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed." *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 270 (Tex. 2021) (orig. proceeding). It therefore follows that TPPCA plaintiffs have a duty to mitigate their damages, and TPPCA defendants are encouraged to pay what is owed before trial, which would affect the amount to be awarded in a TPPCA judgment. *See JCB*, 597 S.W.3d at 487.

Finally, quoting *Gonzalez*, Rosales protests that allowing Allstate to avoid paying attorney's fees by paying the predicate interest early would effectively "read attorney's fees out of [the] statute for all practical purposes." 2019 WL 13082120, at *6. Not so under the reasoning of *JCB*: the threat of punitive judgments under the

statutory framework provides added encouragement for insurers to pay their insureds the disputed amounts before trial. *See* 597 S.W.3d at 489.

We follow *JCB* and the majority of cases interpreting Chapter 542A so far, and we disagree with *Gonzalez*, *Martinez*, and *Ahmad*.

## III.  CONCLUSION

We therefore hold that Allstate established there is no genuine issue of material fact as to its remaining liability under the TPPCA, and it is entitled to summary judgment on traditional grounds. *See Painter*, 561 S.W.3d at 130. We overrule Rosales's first and second issues. Because these issues fully dispose of the appeal, it is unnecessary to consider Rosales's third issue concerning the no-evidence grounds. *See Gibson*, 2019 WL 494068, at *5.

We affirm the summary judgment in favor of Allstate.


Molberg, J., dissents without opinion.
220676f.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE

–18–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LOUIS ROSALES, SR., Appellant

No. 05-22-00676-CV      V.

ALLSTATE VEHICLE AND
PROPERTY INSURANCE
COMPANY, Appellee

On Appeal from the 193rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-06737.
Opinion delivered by Justice Miskel.
Justices Molberg and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY recover its costs of this appeal from appellant LOUIS ROSALES, SR.

Judgment entered this 16th day of May 2023.